IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL JAMES SCARBROUGH, DM-1907, )
    Petitioner, )
     )
    v. ) 2:14-CV-1291
     )
MARC R. CAPOZZA, )
    Respondent. )

## MEMORANDUM and ORDER

Mitchell, M.J.:

    Michael James Scarbrough, an inmate at the State Correctional Institution at Pittsburgh has presented a petition for a writ of habeas corpus.

    Scarborough is presently serving a life sentence imposed upon his plea of guilty to changes of second degree murder and a concurrent four to eight year sentence on a charge of criminal conspiracy to commit burglary and robbery at No. 40 of 1995 in the Court of Common Pleas of Washington County, Pennsylvania. This sentence was imposed on October 17, 1995. After exhausting the available state court remedies, Scarbrough filed a habeas corpus petition in this Court alleging that counsel was ineffective and that his plea was unlawfully induced. This Court concluded that at the time of his plea to the second degree murder charge he was unaware of his eventual parole eligibility, of lack of opportunity therefor, and accordingly granted a conditional writ. On appeal the Court of Appeals reversed holding,

> Here, both the trial judge and the district attorney mentioned commutation to Scarbrough before he entered his plea. Although they did not explain the process at length, we do not considered that brevity to have altered the admonitions given by the trial judge when he repeatedly stated that there was "a possibility" of parole, but he "could not guarantee" anything. At that point in the proceedings, Scarbrough's primary interest was saving himself from exposure to the death penalty. The mechanics of commutation and subsequent parole admittedly make the process more complicated than routine parole proceedings. That, however, does not change the basic fact that ultimately parole was "possible" rather than foreclosed entirely.

Scarbrough v. Johnson, 300 F.3d 302, 307-308 (3rd Cir.), cert. denied 537 U.S. 1052 (2002); WDPA Docket No. 2:01-CV-1014.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C.§ 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because the instant petition was improperly filed in this court as opposed to the Court of Appeals as required by 28 U.S.C. 2244(b)(3)(A), this Court lacks jurisdiction over it without the authorization of the Court of Appeals, and it will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 for consideration as a successive petition.[1]

---

[1] We recognize that in his petition Scarbrough appears to be arguing both a challenge to his conviction as well as failure to act by the Pennsylvania Board of Probation and Parole. As the record demonstrates, absent a commutation of sentence the petitioner is not eligible for parole under Pennsylvania law. 18 Pa.C.S.A. § 1102(b). Thus, unless petitioner's sentence was commuted, which it was not, the December 20, 2012 letter of the Board which is an exhibit to the petition, correctly states, "Please be advised that the Board has no jurisdiction and is powerless to exercise its discretion to parole under existing law in your case…" (Exhibit A to the petition at p.3.). Thus, the only basis for a federal challenge is one addressing the validity of his conviction itself, a matter which has already been litigated in the federal system.

An appropriate Order shall be entered.

ORDER

AND NOW, this 29th day of September 2014, for the reasons set forth in the foregoing Memorandum, the instant petition is transferred forthwith to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 for consideration as a successive petition.

s/ Robert C. Mitchell,
United States Magistrate Judge